O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUHALLAH HARRISON, ) | Case No. LA CV 15-5675 ODW (JCG) |
| Petitioner, ) | **ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY** |
| v. ) | |
| CALIFORNIA DEPARTMENT OF ) CORRECTIONS, ) | |
| Respondent. ) | |

On July 27, 2015, petitioner James Ruhallah Harrison ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1.] Therein, Petitioner challenges the California Department of Corrections and Rehabilitation (the "Department")'s non-return of certain personal property. (Pet. at 2-3, 7, 31, 33.) More specifically, Petitioner alleges that the Department "was negligent with Petitioner['s] personal property" when it failed to assure that such property "followed him" in a transfer to a new facility. (Pet. at 7, 9.)

This Court lacks jurisdiction to consider the Petition for three reasons.

First, a federal court has jurisdiction to consider a state prisoner's petition for writ of habeas corpus "only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, Petitioner makes no such claim. (*See generally* Pet.) As such, the Petition is not cognizable on federal habeas review.

Second, even if the Court were to construe the Petition as a civil rights complaint under 42 U.S.C. § 1983, any such complaint would be subject to dismissal for failure to state a claim upon which relief can be granted. *See Hudson v. Palmer*, 468 U.S. 517, 532-33 (1984) (a state employee's deprivation of a prisoner's property does not violate the Due Process Clause "if a meaningful postdeprivation remedy for the loss is available"); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (affirming dismissal of inmate's property deprivation claim on ground that "California['s Government Claims Act] provides an adequate post-deprivation remedy for any property deprivations") (citing Cal. Gov't Code §§ 810-95).

Third, because Petitioner raised and lost his claim in state court, consideration of the Petition would run afoul of the *Rooker-Feldman* doctrine. (*See* Pet. at 3, 9-10); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (lower federal courts are barred "from hearing de facto appeals from state-court judgments").

Accordingly, **IT IS ORDERED THAT** this action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that reasonable jurists would find it debatable whether this Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The Court thus **DECLINES** to issue a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 31, 2015

HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE